IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ANNA M. HALAPIA, )
 )
 Plaintiff, )
 )
v. )
 ) Civil Action No. 07-72J
MICHAEL J. ASTRUE, )
COMMISSIONER OF )
SOCIAL SECURITY, )
 )
 Defendant. )

MEMORANDUM JUDGMENT ORDER

AND NOW, this 30th day of June, 2008, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Title II and Title XVI, respectively, of the Social Security Act ("Act"), IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 14) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 10) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Where the ALJ's findings of fact are supported by substantial evidence, a reviewing court is bound by those

findings, even if it would have decided the factual inquiry differently. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). Moreover, it is well settled that disability is not determined merely by the presence of impairments, but by the effect that those impairments have upon an individual's ability to perform substantial gainful activity. Jones v. Sullivan, 954 F.2d 125, 129 (3d Cir. 1991). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff filed her applications for DIB and SSI on September 17, 2004, alleging disability due to back problems, asthma and arthritis. Plaintiff's applications were denied. At plaintiff's request, an ALJ held a hearing on January 23, 2006, at which plaintiff appeared represented by counsel. On June 26, 2006, the ALJ issued a decision finding that plaintiff is not disabled. The Appeals Council denied plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. The instant action followed.

Plaintiff was 38 years old at the time of the ALJ's decision and is classified as a younger individual under the regulations. 20 C.F.R. §§404.1563(c), 416.963(c). Plaintiff has a high school education, but she does not have any past relevant work and she has not engaged in substantial gainful activity at any time since her alleged onset date.

After reviewing plaintiff's medical records and hearing

testimony from plaintiff and a vocational expert at the hearing, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. The ALJ found that although the medical evidence established that plaintiff suffers from the severe impairments of obesity, degenerative disc disease of the lumbar spine, asthma and dysthymia, those impairments, alone or combination, do not meet or equal the criteria of any of the listed impairments set forth in Appendix 1 of 20 C.F.R., Subpart P, Regulation No. 4 ("Appendix 1").

The ALJ found that plaintiff retains the residual functional capacity to perform a range of light work with a number of limitations. Plaintiff is limited to occasional standing and/or walking for no more than a total of four hours in an eight hour work day. Plaintiff is further limited to occasional stooping, kneeling, crouching, crawling and bending, and she must avoid balancing or climbing ladders, ropes and scaffolds. In addition, plaintiff must avoid concentrated exposure to dust, fumes, odors, gases and poor ventilation. Finally, plaintiff is limited to simple, routine and repetitive tasks (collectively, the "RFC Finding"). Based upon the vocational expert's testimony, the ALJ concluded that plaintiff's age, educational background, and residual functional capacity enable her to make a vocational adjustment to work that exists in significant numbers in the national economy, such as a ticket taker, envelope sorter, injection mold press operator, tester of small electronic parts, hand bagger, one or two step assembler, information desk clerk or

television monitor. Accordingly, the ALJ found that plaintiff is not disabled within the meaning of the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment which can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do [her] previous work but cannot, considering [her] age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy...." 42 U.S.C. §§423(d)(2)(A), 1382c(a)(3)(B).

To regularize the adjudicative process, the Commissioner has promulgated regulations that govern the evaluation of disability. 20 C.F.R. §§404.1501-.1598, 416.901-.998. The process is sequential and follows a "set order" of inquiries. 20 C.F.R. §§404.1520(a)(4), 416.920(a)(4). The ALJ must determine in sequence: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether she has a severe impairment; (3) if so, whether her impairment meets or equals the criteria listed in Appendix 1; (4) if not, whether the claimant's impairment prevents her from performing her past relevant work; and (5) if so, whether the claimant can perform any other work which exists in the national economy, in light of her age, education, work experience and residual functional capacity. Id.; see also Sykes v. Apfel, 228 F.3d 259, 262-63 (3d Cir. 2000). If

the claimant is found disabled or not disabled at any step, further inquiry is unnecessary. 20 C.F.R. §§404.1520(a)(4), 416.920(a)(4); see Santise v. Schweiker, 676 F.2d 925, 927 (3d Cir. 1982).

In this case, plaintiff challenges the ALJ's findings at step 5 of the sequential evaluation process. At step 5, the Commissioner must show that there are other jobs that exist in significant numbers in the national economy which the claimant can perform consistent with her age, education, past work experience and residual functional capacity. 20 C.F.R. §§404.1520(g)(1), 416.920(g)(1). Residual functional capacity is defined as that which an individual still is able to do despite the limitations caused by her impairments. 20 C.F.R. §§404.1545(a)(1), 416.945(a)(1); Fargnoli, 247 F.3d at 40. In assessing a claimant's residual functional capacity, the ALJ is required to consider the claimant's ability to meet certain demands of jobs, such as physical demands, mental demands, sensory requirements and other functions. 20 C.F.R. §§404.1545(a)(4), 416.945(a)(4).

Here, plaintiff argues that the ALJ erred at step 5 because: (1) he failed to consider all of plaintiff's severe and non-severe impairments in combination in making the RFC Finding; (2) he gave inadequate weight to the opinion of plaintiff's treating physicians; and (3) the hypothetical question to the vocational expert was defective. The court finds that each of these arguments lack merit for the reasons explained below.

As an initial matter, plaintiff argues that the ALJ failed to

consider all of her severe and non-severe impairments in combination in making the RFC Finding. In connection with this argument, plaintiff makes several erroneous assertions.

First, plaintiff incorrectly asserts that the ALJ did not indicate whether her diabetes was a severe impairment. To the contrary, the ALJ noted that plaintiff recently was diagnosed with diabetes, but there were no specific functional limitations attributed to her condition. (R. 24). Likewise, plaintiff's assertion that the ALJ did not consider the side effects of her medications and her claimed sleep disturbance is incorrect. The ALJ specifically noted plaintiff's subjective complaint that her medications make her drowsy and lightheaded. (R. 20). In addition, the ALJ discussed plaintiff's subjective claim of problems with sleep when he assessed her activities of daily living, but he found that her subjective allegations did not result in functional limitations that precluded all work. (R. 21). Finally, plaintiff's assertion that the ALJ did not consider her chronic benign pain syndrome or arthritis lacks merit. Dr. Pacella, a consulting psychologist, mentioned chronic benign pain syndrome in his report, but his conclusory notation apparently was based on plaintiff's own reports of pain. Otherwise, nothing in the record indicates that plaintiff actually was diagnosed with chronic benign pain syndrome. Likewise, there is no evidence that plaintiff suffers from an arthritis impairment that resulted in functional limitations.

In sum, the ALJ properly found that plaintiff suffered from

the severe impairments of obesity, degenerative disc disease, asthma and dysthymia, and he determined that her coronary artery disease was non-severe. (R. 18-19). Contrary to plaintiff's position, it is apparent from the ALJ's detailed analysis and discussion that he considered all of her limitations resulting from both her severe and non-severe impairments in combination in determining whether she was entitled to disability benefits. (See R. 19-25).

Plaintiff next claims that the ALJ gave inadequate weight to the opinions of Dr. Ilozue, who was her primary care physician, and to Dr. Millward, who provided her with psychiatric treatment. A treating physician's opinion on the nature and severity of a claimant's impairment will be given controlling weight if it is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other evidence of record. 20 C.F.R. §§404.1527(d)(2), 416.927(d)(2); Fargnoli, 247 F.3d at 43. Under this standard, the opinions of Dr. Ilozue and Dr. Millward were not entitled to controlling weight.

Dr. Ilozue stated that plaintiff was temporarily disabled as of November 9, 2005, due to back pain, asthma and depression. (R. 179). Dr. Ilozue's opinion was set forth on an assessment form for state welfare benefits. Whether or not plaintiff was considered to be disabled for purposes of receiving state welfare benefits is irrelevant herein. A determination made by another agency regarding disability is not binding on the Commissioner of

Social Security. See 20 C.F.R. §§404.1504, 416.904. Here, Dr. Ilozue's opinion that plaintiff was temporarily disabled was set forth on a "check-the-box" form without any objective medical evidence to support his conclusion, and a review of the medical evidence of record does not disclose the basis for Dr. Ilozue's opinion. For these reasons, the ALJ correctly determined that Dr. Ilozue's opinion was not entitled to controlling weight. (R. 23).

Likewise, the ALJ was not required to give Dr. Millward's opinion controlling weight. The only medical evidence of record pertaining to Dr. Millward's treatment of plaintiff is an initial intake/psychiatric evaluation report, which indicates he saw plaintiff on two occasions. (R. 183). As a result of his brief contact with plaintiff, Dr. Millward found that her GAF rating was 45. (R. 188). Despite that rating, Dr. Millward's written evaluation indicates that plaintiff was cooperative and had a positive attitude, she had no motor or sensory problems, she spoke openly, she had good concentration, her thought processes appeared goal directed, she had fair insight, judgment and abstract thinking, her memory was intact, her general intelligence was within normal limits, and she did not display overt signs of anxiety. (R. 187). Further, Dr. Pacella, a consulting psychologist who examined plaintiff, found that she had the ability to perform mental work-related activities. (R. 195, 197-98). Thus, the ALJ properly assessed Dr. Millward's opinion and determined it was not entitled to controlling weight. (R. 23).

Plaintiff's final argument is that the ALJ's hypothetical

question to the vocational expert was defective because it did not include all of her limitations. An ALJ's hypothetical to a vocational expert must reflect all of the claimant's impairments and limitations supported by the medical evidence. Chrupcala v. Heckler, 829 F.2d 1269, 1276 (3d Cir. 1987). After reviewing the record, the court is satisfied that the ALJ's hypothetical incorporated all of plaintiff's limitations that the evidence of record supported, including all of the factors that were the basis of the RFC Finding. Nothing in the record suggests that any other limitations suggested by plaintiff should have been incorporated into the hypothetical. Accordingly, the ALJ did not err in relying on the vocational expert's testimony to conclude that plaintiff can perform other work which exists in the national economy.

After carefully and methodically considering all of the medical evidence of record and plaintiff's testimony, the ALJ determined that plaintiff is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Accordingly, the decision of the Commissioner must be affirmed.

Gustave Diamond
United States District Judge

cc: John D. Gibson, Esq.
    131 Market Street
    Suite 200
    Johnstown, PA 15901

    John J. Valkovci, Jr.
    Assistant U.S. Attorney
    319 Washington Street
    Room 224, Penn Traffic Building
    Johnstown, PA 15901

AO 72
(Rev. 8/82)

- 10 -